UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

NO. 6:13-cr-00034-KKC-EBA-1

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

v.               **MAGISTRATE JUDGE'S
                 REPORT AND RECOMMENDATION**

TERRY R. SMITH,                                                              DEFENDANT.

This matter comes before the Court on Defendant Terry R. Smith's Motion to Vacate pursuant to 28 U.S.C § 2255 [R. 343] and Defendant's Motion for Production of Documents and Records/Request for Expansion of Record [R. 349]. Regarding Defendant's Motion to Vacate [R. 343], in the government's Response [R. 353], the government's sole argument for why Defendant's Motion to Vacate [R. 343] should not be granted is because the Motion [R. 343] was not filed within one year of the United States Supreme Court's October 11, 2016 decision to deny Defendant's writ of certiorari. [R. 353].

Pursuant to 28 U.S.C § 2255(f)(1), ordinarily, a prisoner has one (1) year from the "date on which the judgment of conviction becomes final" to file a motion to vacate. Here, the government argues Defendant's judgment became final on October 11, 2016, and Defendant did not file his Motion to Vacate [R. 343] until October 23, 2017. [R. 353]. While the government is correct that October 23, 2017 was the date the Court received Defendant's Motion [R. 343], the Motion [R. 343] may still be considered timely filed if the "prison mailbox rule" applies.

Pursuant to the prison mailbox rule, a prisoner's motion to vacate is deemed filed when it is signed and delivered to prison officials for forwarding to the court. *Towns v. United States,* 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack,* 487 U.S. 266, 270-72 (1988)). Further

requirements for the prison mailbox rule to apply are found under Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts and are as follows:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

In the present case, Defendant's Motion to Vacate [R. 343] was dated on October 5, 2017, which is within one (1) year from when the United States Supreme Court finalized Defendant's conviction on October 11, 2016. On the signed Certificate of Service Defendant included with his Motion to Vacate [R. 343], Defendant certifies he provided the Motion [R. 343] to an officer to mail while the prison was on lockdown [R. 343, at 8] and submits a memorandum from D. Jones, a Unit Manager at the prison where Defendant is incarcerated, explaining the prison was, in fact, on lockdown from October 5, 2017 to October 12, 2017 [R. 355-1]. While on lockdown, Defendant delivering the Motion [R. 343] to an officer to mail would be the only way to deposit a motion in the prison's internal mailing system.

Additionally, Defendant provided the following statement with his Motion to Vacate [R. 343]: "I declare under the penalties of perjury that the information above is true and correct. Signed this 5 day of October, 2017." [R. 343, at 7]. Under 28 U.S.C. § 1746(2), a declaration executed within the United States, should include the following:

> I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature).

28 U.S.C. § 1746(2).

While Defendant's foregoing statement is substantially the same as the language required under 28 U.S.C. § 1746(2) and includes the date of deposit as October 5, 2017, Defendant neither

signed the otherwise substantially correct declaration nor stated that first-class postage had been prepaid. Even though Defendant signed his Certificate of Service [R. 343, at 8], he failed to sign his 28 U.S.C. § 1746(2) declaration, and an accompanying signature is required with the declaration statement. *See* 28 U.S.C. § 1746(2). Defendant did not satisfy the requirements of Rule 3(d), so the prison mailbox rule does not apply. *See Daniels v. United States*, 809 F.3d 588, 589-90 (11th Cir. 2015) (pro se prisoner could not avail himself of the prison mailbox rule since he did not state first-class postage had been prepaid). Therefore, pursuant to 28 U.S.C § 2255(f)(1), Defendant's Motion to Vacate [R. 343] is untimely because it was deemed filed on October 23, 2017.

Despite the untimeliness of Defendant's Motion to Vacate [R. 343], the one (1) year statute of limitations for filling a 28 U.S.C § 2255 motion is not jurisdictional, so it is subject to equitable tolling. *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) (citing *Dunlap v. United States*, 250 F.3d 1001, 1004–05 (6th Cir. 2001)). The movant "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted); *see also United States v. Simpson*, Nos. 6:04–CR–63–DCR, 6:09–CV–7065–DCR, 2010 WL 5490780 (E.D. Ky. Dec. 16, 2010). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Vroman*, 346 F.3d at 604 (citing *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000)). Specifically, "a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Patterson v. Lafler,* F. App'x 606, 609 (6th Cir. 2012) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

In the present case, Defendant has shown he has been pursuing his rights diligently by handing his Motion to Vacate [R. 343] to prison officials to be mailed within the statute of limitations. Despite properly filling out most of the Motion to Vacate [R. 343], Defendant failed to sign his 28 U.S.C. § 1746(2) declaration that the information within his Motion to Vacate [R. 343] is true and correct and first-class postage had been prepaid. [R. 343, at 7]. Defendant's Reply [R. 355] asserts the prison where Defendant is incarcerated was under lockdown status when he provided his Motion to Vacate [R. 343] to be mailed, and if Defendant failed to file his Motion to Vacate [R. 343] on time due to the prison's lockdown status, the prison being on lockdown status may have amounted to an extraordinary circumstance that would entitle Defendant to equitable tolling. However, the prison being on lockdown was not the cause of Defendant's untimeliness. Instead, the untimeliness was due to Defendant failing to comply with the requirements of 28 U.S.C. § 1746(2), which is not an extraordinary circumstance entitling Defendant to equitable tolling, and Defendant makes no argument that it is.

## **RECOMMENDATION**

Having considered the matters fully, and being otherwise sufficiently advised, the Court RECOMMENDS as follows:

1. Defendant Terry R. Smith's Motion to Vacate pursuant to 28 U.S.C § 2255 [R. 343] be DENIED as untimely, where Defendant failed to file his Motion to Vacate [R. 343] within one (1) year from the date on which his conviction became final, pursuant to 28 U.S.C § 2255(f)(1); and

2. Defendant's Motion for Production of Documents and Records/Request for Expansion of Record [R. 349] be DENIED AS MOOT.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 28 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 17th day of January, 2018.

Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge