UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 6:13-34-KKC |
| Plaintiff, | |
| V. | ORDER AND OPINION |
| TERRY R. SMITH, | |
| Defendant. | |

*** *** ***

Defendant Terry Smith has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (DE 343.) Pursuant to local practice, the motion was referred to United States Magistrate Judge Edward B. Atkins for review under 28 U.S.C. § 636(b)(1)(B). This matter is now before the Court on the Magistrate's Recommended Disposition (DE 401) and Defendant's objections (DE 406). Having conducted a de novo review of the portions of the Recommended Disposition to which Defendant objects, the Court will adopt the Magistrate's Recommended Disposition and **DENY** Defendant's motion for § 2255 relief. Moreover, the Court **REFUSES** to issue a certificate of appealability.

## I.  BACKGROUND

On January 26, 2015, a jury convicted Defendant of conspiring to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, distributing oxycodone resulting in death in violation of § 841(a)(1), and possessing firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (DE 208.)  He was sentenced to 360 months imprisonment for conspiracy to distribute oxycodone, life imprisonment for distribution of oxycodone resulting in death, and 120 months for possession of firearms by a convicted felon, all to run concurrently.  (DE 258.)

1

Defendant appealed his convictions to the Sixth Circuit Court of Appeals.  On appeal, Smith argued: (1) this Court erred by not severing the drug offense charges from the firearm charge for trial purposes; (2) there was insufficient evidence to sustain the conviction for the overdose death of another (*e.g.*, Patty Smallwood); and (3) that "cumulative error rendered his trial unfair." (DE 302 at 2.) The Sixth Circuit rejected these claims and affirmed the convictions.  (DE 302); *United States v. Smith*, 656 Fed. App'x. 70, 72 (6th Cir. 2016).  The Supreme Court denied Smith's petition for a writ of certiorari. (DE 309.)

Defendant has filed a motion seeking relief under 28 U.S.C. § 2255. (DE 343.)  Because his petition was filed past the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA), the Court initially recommended denying Smith's motion on grounds that it was untimely. (DE 356.)  Thereafter, Defendant submitted a declaration, including his signature and a statement that postage was prepaid, bringing his petition in compliance with the prison mailbox rule. The Court vacated the recommended disposition and directed the United States to address the merits of the claims outlined in the Defendant's § 2255 petition. (DE 358.)

Defendant's § 2255 petition lists twenty-one claims of ineffective assistance of counsel. (DE 343.)  However, Defendant only addressed eighteen of these claims in his pleadings.  (*See* DE 350, Defendant's Memorandum of Points and Authorities asserting seventeen claims and DE 398, Defendant's Addendum asserting one claim.) Accordingly, the Magistrate appropriately focused his attention only on the eighteen specific allegations.

The Magistrate addressed Defendant's claims in four categorical groups: (a) failure to object to or raise improper interpretation/application of the law by the Court (Grounds 1, 4, 6, 7, 12, and 13); (b) failure to object to or prevent the introduction of certain evidence (Grounds 3, 8, 9, 11, 15, and 14); (c) failure to object to or raise allegations of prosecutorial misconduct (Grounds 2, 5, 16, and 17); and (d) failure to file relevant/necessary pleadings

2

to preserve and protect Defendant's interests (Ground 10).  The Magistrate recommended that Defendant's petition and request for a certificate of appealability be denied on all grounds.  (DE 401.)

Defendant has filed objections to the Magistrate's Recommended Disposition, most of which are vague and unsupported.  (DE 406.)  Defendant appears to assert the following objections: (1) the Magistrate made an "untrue statement of fact" when he characterized Patty Smallwood as "fraudulently" obtaining and filling oxycodone prescriptions; (2) the Magistrate should have construed Grounds 1 and 12 as challenging counsel's inaction in not objecting to Jury Instruction 17 and not having Count Two—distribution of oxycodone resulting in death—dismissed from the indictment; (3) the Magistrate should have construed Grounds 4, 6, 7, and 13 as asserting that counsel failed to argue procedural irregularities in Defendant's § 851 enhancement and failed to argued that there was "a fatal variance caused by certain stated evidence[;]" (4) the Magistrate should have construed Ground 21 as a challenge to the "limits" of § 841's statutory liability and asserting that he was a "victim of a judgment that violated the laws of the United States and resulted in a sentence that exceeded the maximum allowed by law[;]" (5) the Magistrate should have construed Grounds 3 and 14 as asserting  that counsel should have objected to Count Two based on "statutory interpretation[;]" (6) the Magistrate overlooked Defendant's "allegations of specific perjuries shown and proven by existing records" in Grounds 8 and 9; (7) the Magistrate should have construed Grounds 11 and 15 as arguing "the validity of evidence gathered by the search warrant;" (8) the Magistrate should have construed Ground 2 as asserting that the government "had a practice of leading case agents in testifying to falsities [before the grand jury] in a quest to provide the probable cause needed to get a government indictment[;]" and (9) the Magistrate should have construed Grounds 5, 16, and 17, as due process violations based on "improper actions of government officials and false testimony."  (DE 406 at 2-9.)

3

Defendant additionally requests, in relation to his claims alleging a failure of counsel to file relevant and necessary pleadings to preserve and protect Defendant's interests, that the "Court … allow him to access … both witnesses arrest records and court dockets to show the hidden verbal agreements believed to be present." (DE 406 at 9.)

Defendant does not specifically contest the Magistrate's findings regarding any of his claims for ineffective assistance of counsel.  In fact, Defendant admits that, with respect to Grounds 1, 4, 6, 7, 12, 13, and 21, "any intervention by defense counsel would have had little effect on the government's inappropriate prosecution techniques that were hidden beneath Count Two of [the] indictment." (DE 406 at 3.)  Defendant's objections essentially assert that the Magistrate should have construed his claims differently.  As further articulated below, Defendant's claims and objections are meritless.  Accordingly, his habeas petition must be denied.

## II. ANALYSIS

### A.  Standard of Review.

This Court performs a de novo review of those portions of the Magistrate's Recommended Disposition to which Defendant has objected. *See* 28 U.S.C. § 636(b).  The Court, however, does not perform a de novo review of the Recommended Disposition's unobjected-to findings as such is not required. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court further recognizes its obligation to review Defendant's objections under a more lenient standard than the one applied to attorneys because he is proceeding pro se. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).  But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995).  "Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the

4

magistrate judge are [also] improper." *United States v. Davis*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019).

Many of Defendant's objections are vague, unsupported, or based on incorrect interpretations of the law.  The Court addresses Defendant's objections below and finds that Defendant has not articulated any basis for habeas relief.

The Court has satisfied its duty, reviewing the record.  For the following reasons, Defendant's objections (DE 406) are **OVERRULED** and his motion for relief under § 2255 (DE 343) is **DENIED**.

**B. Defendant's Objections**.

Defendant's objections generally assert that the Magistrate should have construed his claims as multifaceted, asserting unspecified statutory and constitutional claims in addition to ineffective assistance of counsel claims.   The Court addresses each of his objections below.

### 1. First Objection.

Defendant's first objection alleges that the Magistrate made an "untrue statement of fact" when he characterized Patty Smallwood as "fraudulently" obtaining and filling oxycodone prescriptions.   (DE 406 at 2.)   Defendant is referring to a section of the Magistrate's Recommended Disposition in which he quotes the Sixth Circuit Court of Appeals' decision affirming Defendant's convictions.   (DE 401 at 2.)   In the portion of the opinion quoted by the Magistrate, the Sixth Circuit describes the facts of this case as they were presented at trial. Defendant's objection does not specifically relate to any of his claims, and it does not warrant further review.

### 2. Second Objection.

Defendant's second objection asserts that the Magistrate should have construed Grounds 1 and 12 as "specific challenges to counsel's inaction in not challenging Jury Instruction 17 and not attempting to have Count Two dismissed from [the] indictment."   Defendant states

that argument 1 is about the "improper application of the 'results from' enhancement in a statutory context[,]" and argument 12 is about the "propriety of the government's probable cause" with respect to Count Two of the indictment.  (DE 406 at 3.)  Defendant's second objection is vague, conclusory, and meritless.

The Magistrate appropriately construed Defendant's arguments according to his pleadings.  Defendant's Ground 1 claim asserts ineffective assistance of counsel based on counsel's failure to "argue that the plain meaning of 'results' implies a stronger degree of causation than mere contribution" and "request an expanded jury instruction for clarity of the law." (DE 350 at 3.)  The Magistrate appropriately concluded that Defendant was referring to Jury Instruction 17 and found that counsel was not deficient for failing to challenge the instruction because it "clearly articulated the correct legal requirement."  (DE 401 at 8-9.)  As the Magistrate stated, "[i]n order to convict [Defendant] for distribution of oxycodone resulting in the death of another, the government was required to prove beyond a reasonable doubt that he distributed the oxycodone to the deceased and that the distributed oxycodone was a 'but-for cause of death.'" (DE 401 at 8 (quoting *Burrage v. United States*, 571 U.S. 204, 210 (2014)).  The instruction given by the Court articulated the correct legal requirement: that the Defendant was only guilty of distributing oxycodone resulting in the death of Patty Smallwood if, "the death of Patty Smallwood – would not have occurred but-for the distribution of oxycodone by the defendant Terry Smith." (DE 401 at 7; *See also* DE 204 at 21 (Instruction No. 17) ("You must decide whether the result – the death of Patty Smallwood – would not have occurred but for the distribution of oxycodone by the defendant Terry Smith. In other words, you must decide whether the government has proved beyond a reasonable doubt that Patty Smallwood would have lived if she had not taken the oxycodone distributed by the defendant.")  The Magistrate thus concluded that Defendant's counsel was not deficient for raising no objections to Jury Instruction 17.

6

Defendant now asserts that his Ground 1 ineffective assistance of counsel claim is also somehow statutory in nature. Defendant further asserts that he was "charged, convicted and sentenced in violation of the laws of the United States[,]" but he does not elaborate or explain the connection between this conclusory assertion and his Ground One claim for ineffective assistance of counsel. The Court can only speculate as to what Defendant means when he states that the Court should have considered "the 'results from' enhancement in a statutory context." Defendant's Ground One claim is clearly pleaded as an ineffective assistance of counsel claim rooted in counsel's failure to challenge Jury Instruction 17. (*See* De 350 at 8-17.) The Magistrate thoroughly addressed the claim according to the pleadings, determined that the jury was properly instructed according to the controlling law, and found that counsel's performance was not deficient. The Court agrees with the Magistrate's findings.

Defendant does not challenge the Magistrate's finding that counsel's performance was not deficient for failing to raise an objection to Jury Instruction 17. Defendant's only objection regarding this claim is that it should have been construed as a statutory claim. Defendant's Ground 1 claim does not appear to be statutory in nature, and his objection is not sufficiently definite to warrant further review. Thus, Defendant's Ground 1 claim is denied.

Regarding Defendant's assertion that his Ground 12 claim relates to the "propriety of the government's probable cause" with respect to Count Two of the indictment, Defendant's argument is vague and conclusory. Ground 12 asserts ineffective assistance of counsel based on counsel's failure to object to an alleged defect in the indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B) and 52(b). Defendant asserts that the indictment contained a "fatal defect in failure to charge cause of Patty Smallwood's death[.]" (DE 350 at 64.)

Defendant's objections state that Ground 12 "is a specific allegation of counsel's failure to challenge the Third Superseding Indictment" on the basis that it was not supported by probable cause. (DE 406 at 3.) But later in that same paragraph, Defendant states,

"[a]dmittedly, these claims seemed to be authored as IAC allegations … but when considered properly these claims are apparent to be statutory arguments."  Again, the Court can only speculate as to what Defendant means when he states that his Ground 12 claim was intended as a "statutory argument."

In Defendant's memorandum of points and authorities listing his claims, he asserts that in grand jury proceedings "the government failed to provide a sufficient basis of fact (cause) to determine why, or how to apply the statute[.]"  (DE 350 at 65.) Based on Defendant's objections, the Court assumes he is referring to the statute he was charged with violating in Count Two of the Third Superseding Indictment.  Defendant's memorandum further insinuates that the government did not establish probable cause before the grand jury.

To the extent Defendant's Ground 12 claim asserts ineffective assistance of counsel based on counsel's failure to file a motion to dismiss on the basis that there was no probable cause before the grand jury, his argument is meritless.  Indictments cannot be challenged "on the ground that there was inadequate or incompetent evidence before the grand jury[.]" *Costello v. United States*, 350 U.S. 359, 363 (1956).  *See also United States v. Sims-Robertson,* 16 F.3d 1223, 1994 WL 12212, at *5 (6th Cir. Jan. 18, 1994) ("[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence[.]").  Based on this precedent, motions to dismiss indictments for lack of probable cause are routinely denied by federal courts. *See, e.g.*, *United States v. Alcantar*, Crim. No. 11–2230, 2011 U.S. Dist. LEXIS 120971, *4 (D. Ariz. 2011) ("A claim of insufficient evidence supporting the grand jury's finding of probable cause is not grounds for dismissal of an indictment."); *United States v. Tuua*, Crim. No. 08–00159, 2008 U.S. Dist. LEXIS 48054, *15 (D. Haw. 2008) ("The grand jury found probable cause to indict [Defendant], and this court may not override the grand jury by granting [Defendant]'s motion to dismiss the Indictment for lack of probable cause."); *United States v. Edwards*, 563 F.Supp. 2d 977, 1013-

8

14 (D. Minn. 2008) ( "[D]efendant's motion to dismiss based on lack of probable cause due to insufficient evidence should be denied" because it has "long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury[.]"); *United States v. Chatman*, No. CRIM. 3:10-30, 2011 WL 7037129, at *3 (W.D. Pa. Nov. 23, 2011) (Defendant's assertion that probable cause never existed to bring the charges against him is "an improper attack on the sufficiency of the evidence considered by the grand jury.").

Defendant has not shown that a motion to dismiss the indictment for lack of probable cause before the grand jury would have had any merit.  Additionally, the fact that the jury found the Defendant guilty on all charges demonstrates that there was probable cause to indict the Defendant. *See*, *e.g.*, *Braden v. United States*, No. 3:11-CV-01006, 2019 WL 3818875, at *22 (M.D. Tenn. Aug. 13, 2019), certificate of appealability denied, No. 19-5987, 2019 WL 8111957 (6th Cir. Dec. 10, 2019) (citing *United States v. Ellis*, 626 F. App'x 148, 155 (6th Cir. 2015).  Thus, Defendant has not shown that his counsel was deficient for failing to bring a motion to dismiss on this basis.

To the extent Defendant's Ground Twelve can be construed as asserting ineffective assistance of counsel for failing to seek dismissal of a purportedly defective indictment on the basis that it failed to charge an essential element of the offense, the Court adopts the Magistrate's analysis and conclusion regarding this claim.  The Magistrate adequately addressed the Defendant's claim on this basis, and the Defendant did not object to any of the Magistrate's findings.  Thus, further review of this claim is not warranted.

### 3. Third Objection.

Defendant's third objection asserts that the Magistrate should have construed Grounds 4, 6, 7, and 13 as "procedural failures by counsel ranging from trial counsel's failure to object to the indictment to his failure to request a mistrial, acquittal, or limiting instructions."

Defendant further contends that these claims also "covered the failures of sentencing and appellate counsel to argue procedural irregularities in Movant's § 851 enhancement and his failure to argue a fatal variance caused by certain stated evidence." (DE 406 at 4.)

Defendant's objections regarding Grounds 4, 6, 7, and 13 are vague and meritless.  The Magistrate appropriately addressed these grounds in his Recommended Disposition.  There is no basis to reject the Magistrate's findings.  Accordingly, these claims are denied.

Defendant's Ground 4 claim appears to assert that counsel was ineffective for failing to file a motion to dismiss on the basis that Count One charged a conspiracy that occurred over a period of time.  (DE 350 at 35-38.)  However, it is well-settled that conspiracy is a continuing offense that can occur over a period of time.  *See United States v. Kissel*, 218 U.S. 601, 610 (1910).  Defendant's Ground 4 claim additionally asserts that counsel was ineffective for failing to file a motion to dismiss on the basis that Count One was duplicitous.  "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir.2002) (citing *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir.2002)).  Count One does not set forth separate and distinct crimes.  It simply charges the Defendant with conspiracy to distribute oxycodone. It is not duplicitous, and accordingly, Defendant's counsel was not ineffective for failing to challenge the indictment on this basis.

The Magistrate construed Defendant's Ground 4 as a claim challenging the sufficiency of Count One of the indictment.  The Magistrate focused on Defendant's assertion that his counsel was ineffective for failing to file a motion to dismiss on the basis that the indictment inadequately set forth facts of acts of the conspiracy and set out unspecified dates of criminal activity.  The Magistrate additionally considered Defendant's assertion that he did not have notice of this charge against him.  The Magistrate explained that "a charge of conspiracy does not need to allege every overt act committed in furtherance of the conspiracy." (DE 401 at 9

(citing *United States v. Lam Lek Chong*, 544 F. 2d 58 (2d Cir. 1976), cert denied, 429 U.S. 1101 (1977).)  The Magistrate further explained that "an indictment is not required to allege an exact date and time of the commission of any charged offense." (DE 401 at 10 (citing *United State v. Gaytan*, 74 F.3d 545, 551 (5th Cir.), cert. denied, 519 U.S. 821 (1996); *United States v. Antonelli*, 439 F.2d 1068, 1070 (1st Cir. 1971); *Russell v. United States*, 429 F.2d 237, 238 (5th Cir. 1970)).  After reviewing the indictment, the Magistrate found that it adequately notified the Defendant of the charges against him.  Defendant does not object to any of the Magistrate's findings or recommendations regarding this claim.  Accordingly, the Court adopts the Magistrate's analysis and conclusions.  Defendant has failed to allege any legitimate ground for ineffective assistance of counsel in his Ground 4 claim.

Defendant's Ground 6 claim was appropriately and adequately addressed by the Magistrate.[1]  As the Magistrate stated, "[Defendant]'s sixth argument is not entirely clear[.]" Defendant appears to assert a claim of ineffective assistance of counsel on the basis that his counsel did not object to a jury instruction providing that the jury should not be concerned with punishment.  (DE 350 at 43.)  With respect to this claim, the Magistrate appropriately concluded that Defendant's Ground 6 claim is meritless. In this district, the issue of punishment or sentencing lies in the hands of the judge, not the jury, and it is not appropriate to direct the jury to consider the issue of punishment in their deliberations. *United States v. Ledbetter*, 2016 WL 1252982, at *14 (S.D. Ohio, 2016) (citing *United States v. Bildebeck*, 1632 F.3d 971, 978 (6th Cir. 1999)). Defendant does not specifically object to any of the Magistrate's findings regarding this claim, and his objections are seemingly unrelated to this claim. Further review of Defendant's Ground 6 claim is not warranted, and it is therefore denied.

---

[1] The Magistrate did not address Defendant's assertion that his counsel rendered deficient performance by failing to request a mistrial. However, Defendant articulates absolutely no basis for a mistrial.  Accordingly, this assertion was appropriately disregarded by the Magistrate.

Defendant's Ground 7 claim was also sufficiently addressed by the Magistrate.  This claim alleges that counsel was ineffective for failing to object to the application of the enhancement under 21 U.S.C. § 851. Ground 7 further asserts that Defendant was not provided notice of the enhancement or an opportunity to affirm or deny the conviction as required by § 851(b). The Magistrate applied the appropriate law and determined that "[Defendant]'s claims must fail for two reasons: first, he was provided with notice and an opportunity to affirm or deny the conviction [via his presentence investigation and report] and he did nothing; and second, the predicate offense he now challenges is more than ten years old, which means that he no longer has the opportunity to affirm or deny under the law."  (DE 401 at 11.)  Thus, the Magistrate concluded that there is no basis to find that counsel was ineffective for failing to object to the application of the enhancement under § 851.  Defendant does not specifically object to any of the Magistrate's findings regarding this claim.  As such, the Court adopts the Magistrate's analysis and conclusion regarding this claim.

Defendant's claim that counsel was ineffective for failing to argue that there was an impermissible variance, Ground 13, was also sufficiently addressed by the Magistrate.  "A variance occurs when the evidence at trial establishes facts materially different from those alleged in the indictment." *United Sates v. Lander*, 668 F.3d 1289, 1295 (11th Cir. 2012).  The Magistrate considered the evidence presented at trial and found that it "did not establish facts materially different from those alleged in the indictment." (DE 401 at 14.) Since there was no proof of any variance, the Magistrate concluded that Defendant's claim for ineffective assistance of counsel on this basis should be denied. Defendant does not specifically object to the Magistrate's findings, and there are no arguments regarding variance in Defendant's pleadings that warrant further analysis. Accordingly, the Court adopts the Magistrate's analysis and conclusion regarding this claim.  Defendant's Ground 13 claim is denied.

12

### 4.  Fourth Objection.

Defendant's fourth objection asserts that the Magistrate should have construed his Ground 21 claim as asserting that he was a "victim of a judgment that violated the laws of the United States and resulted in a sentence that exceeded the maximum allowed by law." He additionally argues that his claims should have been construed to challenge the limit of 841's statutory liability. (DE 406 at 4-5.)

Defendant's Ground 21 claim asserts that his "conviction and sentence for 'distribution resulting in death' pursuant 21 U.S.C. § 841 violated his Sixth Amendment right to effective assistance of counsel and was imposed in error of the statutory laws of the United States of America." (DE 398 at 2.)  Defendant's pleadings discuss the "definition" of the word "distribution" and assert that, based on the definition, he did not "distribute" the drugs to Patty Smallwood.

It is clear that the Defendant disagrees with the jury's verdict in this case, but this Court is not permitted to override the jury's determination that the Defendant conspired to distribute oxycodone, distributed oxycodone resulting in death, and possessed firearms. Defendant's convictions were supported by sufficient evidence, (*See* DE 249); *Smith*, 656 F. App'x at 74, and the jury was appropriately instructed.  The jury, by returning a verdict of guilty on all counts, determined that the Defendant conspired to distribute oxycodone, distributed oxycodone resulting in death, and possessed firearms.  Defendant was sentenced in accordance with his criminal history and those convictions.  Defendant's Ground 21 claim articulates no legitimate claim for relief based on ineffective assistance of counsel or otherwise.

The Magistrate construed Defendant's Ground 21 claim as asserting ineffective assistance of counsel for failing to seek dismissal of a purportedly defective indictment on the basis that it failed to charge an essential element of the offense. To the extent Defendant's

13

Ground 21 claim can be construed in accordance with the Magistrate's interpretation, further review of the Defendant's claim is not required because he did not object to the Magistrate's analysis or conclusions regarding this claim. Accordingly, the Court adopts the Magistrate's findings regarding his interpretation of Defendant's Ground 21 claim.

Defendant's Ground 21 claim cannot be construed to assert a legitimate basis for relief. As such, the claim is denied.

### 5. Fifth Objection.

Defendant's fifth objection asserts that the Magistrate should have construed Grounds 3 and 14 as asserting that counsel should have objected to Count Two based on "statutory interpretation." (DE 406 at 7.) The Court finds that this objection provides no basis for relief.

Ground 3 asserts ineffective assistance of counsel on the basis that counsel did not object to the admission of Patty Smallwood's death certificate and toxicology report. (DE 350 at 32-34.) This claim further asserts that Defendant's attorney failed to object to inadmissible hearsay relating to Patty Smallwood's overdose death. The Magistrate addressed Defendant's Ground 3 claim exactly as it was pleaded and determined that there was no basis for counsel to object. (DE 401 at 15.) Defendant does not specifically object to any of the Magistrate's findings. Accordingly, the Court adopts the Magistrate's conclusions regarding Defendant's Ground 3 claim.

Again, the Court can only speculate as to what the Defendant means when he asserts that his Ground 3 claim is based on counsel's failure to object to Count Two based on a "statutory interpretation." In much of Defendant's Ground 3 claim, he insinuates that his conviction cannot stand because an autopsy was never performed on Patty Smallwood. But there is no statutory requirement that an autopsy be performed. Defendant has not articulated any basis for relief in his Ground 3 claim, and thus, it is denied.

14

Defendant's Ground 14 claim asserts that his counsel was ineffective for failing to object to inflammatory, prejudicial testimony that Patty Smallwood died due to a drug overdose. (DE 350 at 67.)  The Magistrate addressed Defendant's Ground 14 claim exactly as it was pleaded.  He found that although the testimony was "prejudicial" since it tended to show the Defendant's guilt, it was not unfairly prejudicial.  The Magistrate concluded that since the evidence was both relevant and probative, going directly to the essential elements of the charged offense, Defendant cannot demonstrate his ineffective assistance of counsel claim. (DE 401 at 20-21.)

Defendant does not challenge the Magistrate's analysis or conclusions.  Instead, Defendant asserts that his Ground 14 claim is based on counsel's failure to object to the distribution charge based on a "statutory interpretation."  Defendant's objection is vague and unrelated to his Ground 14 claim as it is pleaded in his memorandum supporting his habeas petition.  There is no basis for Defendant's objection to the Magistrate's interpretation of his Ground 14 claim.  As such, the Court adopts the Magistrate's analysis and conclusions and denies Defendant's Ground 14 claim.

### 6.  Sixth Objection

Defendant's sixth objection asserts that the Magistrate overlooked his "allegations of specific perjuries shown and proven by existing records" in Grounds 8 and 9. (DE 406 at 7.) Defendant's Ground 8 and 9 claims were adequately addressed by the Magistrate, and the Defendant does not specifically object to any of the Magistrate's findings.

Defendant's Ground 8 and 9 claims assert that his counsel was ineffective for failing to object to the testimony of two witnesses, Angela Smith and Chris Gregory, on the basis that they committed perjury.  (DE 350 at 46-55.)  As the Magistrate appropriately stated, "the arguments presented … allow [Defendant] no relief because they are factually unsupported, and thus fail to have any merit." (DE 401 at 16.)  The Magistrate concluded that the

Defendant failed to demonstrate any claim for ineffective assistance of counsel because his pleadings do "nothing more than make bare allegations that two witnesses committed perjury, without any factual basis to illustrate the merits of his arguments." (DE 401 at 17.)

Defendant's objections are vague and conclusory. Defendant's pleadings fail to direct the Court to any evidence of perjury. Defendant does not specifically challenge the Magistrate's findings regarding Ground 8 or 9. Thus, the Court adopts the Magistrate's analysis and conclusions regarding these claims. Defendant's Ground 8 and 9 claims are denied.

### 7. Seventh Objection.

Defendant's seventh objection asserts that the Magistrate should have construed Grounds 11 and 15 as arguing "the validity of evidence gathered by the search warrant." (DE 406 at 7.) Again, Defendant's objection is vague and conclusory.

Defendant's Ground 11 and 15 claims allege that counsel was ineffective for failing to object to the introduction of evidence seized from one of his residences in Berea, Kentucky. (DE 350 at 63 and 67-69.) He additionally contends that counsel should have asserted that there was no probable cause to search the home. The Magistrate found that Defendant's claim was meritless because the search warrant was supported by probable cause and any objection to the search warrant or motion to suppress the evidence found within the residence would have likely been denied by the Court. (DE 401 at 17-20.)

Defendant's objections do not address the Magistrate's analysis or conclusions regarding Grounds 11 and 15. Instead, Defendant vaguely asserts that his counsel should have challenged the "validity of [the] evidence[.]" (DE 406 at 7.) Defendant provides no basis to challenge the validity of the evidence collected in the search of the Berea home, and accordingly, he cannot show any ineffective assistance of counsel on this basis. The Court adopts the Magistrate's analysis and conclusions regarding Defendant's Ground 11 claim.

16

### 8. Eighth Objection.

Defendant's eighth objection asserts that the Magistrate should have construed Ground 2 as asserting that the government "had a practice of leading case agents in testifying to falsities [before the grand jury] in a quest to provide the probable cause needed to get a government indictment."  (DE 406 at 8.)   Defendant's assertions on this basis are not supported by any evidence.  The Magistrate adequately addressed Defendant's Ground 2 claim, applied the appropriate legal standard, and determined that there was no basis for the Court to find that his counsel was ineffective for failing to file a motion to dismiss the indictment based on alleged "falsities" before the grand jury.  (DE 406 at 21-23.)

Defendant's Ground 2 claim asserts that his counsel was ineffective for failing to investigate various instances of perjury before the grand jury and expose perjured testimony.  (DE 350 at 17-32.)  Defendant alleges various instances of "perjury" throughout his Ground 2 claim, but the instances he cites fall far short of evidencing any perjury during grand jury proceedings or otherwise.  But even if the Court were to assume that perjury occurred before the grand jury, "in the Sixth Circuit, 'the law is clear that a court may not order dismissal of an indictment under its supervisory power unless the defendant demonstrates that prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [the] district.'" *United States v. Labbous*, 82 F.3d 419 (6th Cir. 1996) (quoting *United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir.) (internal quotation marks omitted)).  Additionally, as the Magistrate cited, "a defendant who seeks dismissal of an indictment . . . must show that he was prejudiced by the prosecutor's actions [before the grand jury]." *Griffith*, 756 F.2d at 1249.  "[A]s long as there is 'some competent evidence to sustain the charge issued by the Grand Jury[,]' an indictment will not be dismissed solely on the basis that other evidence presented to the grand jury may have been false or misleading." *Labbous*, 82 F.3d at 419 (quoting *United States v. Adamo*, 742 F.2d 927, 939 (6th Cir.1984).

17

As the Magistrate concluded, "there is no basis for the Court to find that counsel was deficient in failing to move to dismiss the indictment" because Defendant "provides no showing that prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [this] district." *See Griffith*, 756 F.2d at 1249.[2]   Additionally, Defendant's pleadings do not support that any prejudice occurred or that there was not "competent evidence to sustain the charge[s] issued by the Grand Jury[.]"  *See Labbous*, 82 F.3d at 419 (quoting *Adamo*, 742 F.2d at 939).

Defendant does not specifically object to any of the Magistrate's findings regarding his Ground 2 claim.  Accordingly, the Court adopts the Magistrate's analysis and conclusions regarding this claim.  Defendant's Ground 2 claim does not establish any ineffective assistance of counsel, and it is denied.

### 9.  Ninth Objection.

Defendant's ninth objection asserts that the Magistrate should have construed Grounds 5, 16, and 17 as due process violations based on "improper actions of government officials and false testimony."  (DE 406 at 8.)  Again, Defendant's objection is vague and unsupported by his pleadings.

The Magistrate appropriately construed Defendants claims under Grounds 5, 16, and 17. In Ground 5, Defendant asserts ineffective assistance of counsel based on counsel's failure to object to inflammatory comments and improper remarks made by the United States during opening, closing, and rebuttal.  (DE 350 at 38-42.)  The Magistrate applied the appropriate standard when reviewing allegations of prosecutorial misconduct and determined that there was no evidence of improper vouching, statements of personal opinion, nor any other

---

[2] Defendant takes issue with this standard, asserting that it is "fundamentally ridiculous to place burdens on the [Defendant] to demonstrate that 'prosecutorial misconduct is a long-standing or common problem in Grand Jury proceedings in [the] district.'" (DE 406 at 9.)  The Court, however, is bound to apply the law as it stands in this district.

improper effect that warrants further review.  The Magistrate stated "[e]ven after diligently reviewing the record and his appeal to the Sixth Circuit, now on habeas review, there is no claim of error or evidence to support a claim of prosecutorial misconduct that would support vacating [Defendant]'s sentence."  (DE 401 at 24-25.)

Defendant does not challenge the Magistrate's findings regarding his Ground 5 claim. Instead, he vaguely asserts that the Magistrate should have construed Ground 5 as a due process claim.  (DE 406 at 8.)  Defendant's Ground 5 claim is not pleaded as a due process claim.  But even if it was, Defendant has not shown a due process violation based on the allegations in his Ground 5 claim because he has not shown any evidence of prosecutorial misconduct.  Defendant has not shown any claim for ineffective assistance of counsel based on counsel's failure to object to various alleged incidences of prosecutorial misconduct. The Court adopts the Magistrate's analysis and conclusions and denies Defendant's Ground 5 claim.

Defendant's Ground 16 claim asserts ineffective assistance of counsel and Fourteenth Amendment violations based on counsel's failure to object to prosecutorial misconduct involving the presentation of false testimony through witnesses that had been bribed or intimidated. (DE 350 at 69-85.) Defendant alleges that government agents dissuaded certain witnesses from testifying on his behalf by intimidating them and appointing them counsel. He additionally alleges that two witnesses, Bill and Brandon Stanley, presented false testimony and that the United States knew that the testimony was false.

Defendant's assertions are unsupported by his pleadings and the record of this case.  As the Court has repeatedly stated, "[a]ppointing counsel to represent the interests of a potential witness does not constitute harassment or government intimidation." (DE 249 at 31; DE 401 at 25-26.)   Additionally, there is no evidence that government agents intimidated any witnesses, bribed any witnesses, or knew of any allegedly false testimony.  In fact, the

19

testimony of the witnesses identified was consistent with other evidence presented in the case. The Court has also determined time-and-time again that Defendant was afforded all protections provided by *Brady* and *Giglio*. (DE 249 at 30-31; DE 401 at 25-26.)

Defendant raised many of the arguments in his Ground 16 claim in his motion for new trial. (*See* DE 213; DE 249.) The Court has addressed his assertions multiple times. Defendant's allegations are unsupported and simply do not establish any prosecutorial misconduct. Accordingly, Defendant has no claim for ineffective assistance of counsel on this basis. For the same reasons Defendant has no basis to assert a claim for ineffective assistance of counsel based on alleged instances of prosecutorial misconduct, he has no basis to allege a due process violation. Defendant's Ground 16 claim must fail.

Defendant's Ground 17 claim alleges that counsel was ineffective for failing to object to the alleged perjured testimony of Betty Tipton. (DE 350 at 85-86.) Defendant provides an affidavit from Betty Tipton in support stating that she falsely testified at trial. (DE 350-1.)

The Magistrate adequately and appropriately addressed Defendant's Ground 17 claim. As the Magistrate stated, "[Defendant] does not state what was said [by Betty Tipton] at trial that was false." (DE 401 at 26.) The Magistrate concluded that Defendant provided no factual information or statement to establish a claim for ineffective assistance of counsel based on counsel's failure to object to Betty Tipton's allegedly perjured testimony.

Defendant does not challenge the Magistrate's analysis or conclusions regarding this claim. Instead, Defendant vaguely asserts that the Court should consider the claim as alleging a due process violation. (DE 406 at 8.) There is no basis to reject the Magistrate's findings, and accordingly, they are adopted by the Court.

Regarding Defendant's assertion that Ground 17 asserts a due process violation, he has no basis for such assertions. Defendant's Ground 17 claim is not pleaded as a due process claim. Moreover, Ground 17 provides no basis for a due process claim for the same reasons

20

it provides no basis for an ineffective assistance of counsel claim. Defendant's Ground 17 claim is meritless and must be denied.

**10. Defendant's Request for Court Records.**

In relation to Defendant's claims alleging a failure of counsel to file relevant and necessary pleadings to preserve and protect Defendant's interests, Defendant requests that the "Court … allow him to access … both witnesses arrest records and court dockets to show the hidden verbal agreements believed to be present."  Defendant does not cite any law in support of his request.  Moreover, his request is vague and nonsensical.[3]  As such, Defendant's request is denied.

### III. CONCLUSION

Defendant's claims do not warrant any relief pursuant to 28 U.S.C. § 2255. Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) United States Magistrate Judge Edward B. Atkins' Recommended Disposition (DE 401) is **ADOPTED** and **INCORPORATED** herein by reference;

(2) Defendant Terry Smith's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (DE 343) is **DENIED**;

(3) Judgment shall be entered contemporaneously with this Order; and

(4) A Certificate of Appealability **SHALL NOT ISSUE**.

Dated June 23, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[3] Court records would not show "verbal" agreements.