No. 20-5976

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 06, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| TERRY R. SMITH, | ) |
|     Petitioner-Appellant, | ) ) ) |
| v. | )    O R D E R |
| UNITED STATES OF AMERICA, | ) ) ) |
|     Respondent-Appellee. | ) ) |

Before: GUY, Circuit Judge.

Terry R. Smith, a federal prisoner proceeding pro se, appeals a district court judgment denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Fed. R. App. P. 22(b). He now requests a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).

A jury convicted Smith of conspiring to distribute oxycodone and distributing oxycodone resulting in the death of another, in violation of 21 U.S.C. §§ 841 and 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced him to 360 months in prison.

The details of the drug-trafficking conspiracy and resulting death were set forth in this court's decision affirming Smith's convictions and sentence. *United States v. Smith*, 656 F. App'x 70, 72 (6th Cir. 2016). In summary, Smith and his wife operated a trailer park and "orchestrated a drug trafficking scheme in which they recruited addicts—often park tenants—to travel to out-of-state pain clinics to fraudulently obtain and fill oxycodone prescriptions." *Id*. One of these tenants was Patty Smallwood. After Smallwood returned from a drug trip to a clinic, Smith collected "his share" of an oxycodone prescription and returned the rest to her. Smallwood then snorted the pills and died. *Id*. A toxicology report revealed that Smallwood had ingested a combination of drugs

but that that the amount of oxycodone in her system was lethal, and an expert testified that Smallwood would not have died had she not consumed the oxycodone. *Id*. at 74. This court affirmed Smith's convictions and sentence, *id*. at 75, and the Supreme Court denied certiorari.

In 2017, Smith filed his § 2255 motion to vacate, raising twenty-one claims, all of which were presented as Sixth Amendment claims of ineffective assistance of trial counsel. The matter was referred to a magistrate judge, who recommended denying Smith's claims on the merits. Applying *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the magistrate judge determined that Smith failed to show that counsel performed deficiently. Smith's objections to the magistrate judge's report did not challenge the analysis of his ineffective-assistance-of-counsel claims but presented the underlying claims that Smith argued were "nested" in the ineffective-assistance claims and should have been addressed as "statutory" claims.

The district court overruled each of Smith's nine objections because (1) the magistrate judge had adequately considered Smith's claims as pleaded; (2) some of the claims raised in Smith's objections had not been presented in his § 2255 motion to vacate; (3) some of the objections did not relate to any of his original claims; and (4) most of the objections were vague and conclusory without challenging any particular finding or legal conclusion. The district court also denied Smith's request for additional records. The district court denied the motion to vacate and denied a COA.

To obtain a COA, Smith must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Smith "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Smith now argues that he deserved a hearing on his § 2255 motion and lists the following issues as "meriting" a COA: (1) whether Smallwood's toxicology report and death certificate constituted sufficient evidence to prove that she died of an oxycodone overdose; (2) whether the evidence established that he was the "owner" of the oxycodone that Smallwood ingested to prove

his responsibility for providing the drug to her; (3) whether the evidence supported his conspiracy conviction; (4) whether the prosecutor violated his right to due process and a fair trial because some of the prosecution witnesses allegedly committed perjury and because the prosecutor allegedly harassed and intimidated some defense witnesses, discouraging them from testifying; (5) whether trial counsel was ineffective for failing to question the standard of proof that was applied to show that Smith caused Smallwood's death; and (6) whether appellate counsel failed to present the stronger arguments that trial counsel failed to present. Because Smith does not address his other claims for relief, he has abandoned all but the above issues on appeal. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000).

All but two of Smith's arguments in support of his COA application challenge the evidence supporting his convictions and the prosecutor's actions. Because Smith presented these claims in his § 2255 motion to vacate only as ineffective-assistance-of-counsel claims and failed to raise them properly in the district court, this court will not address them for the first time on appeal. *See Frazier v. Jenkins*, 770 F.3d 485, 497 (6th Cir. 2014). For the same reason, this court will not consider Smith's new argument that his appellate counsel's performance was deficient.

To establish ineffective assistance of counsel, the petitioner must prove both (1) that his trial "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694.

As this court explained in Smith's direct appeal, the government's burden under 21 U.S.C. § 841(a)(1), with a sentencing enhancement under § 841(b)(1)(C), was to prove (1) knowing or intentional distribution of an illicit drug, and (2) death caused by the use of that drug. *Smith*, 656 F. App'x at 73. This court rejected Smith's argument that the government failed to prove that the oxycodone was the cause of Smallwood's death, noting that the government's burden was not to show that the drug was the "sole cause," but only to show that "without the incremental effect" of the oxycodone, Smallwood would not have died. *Id.* (quoting *United States v. Volkman*, 797 F.3d 377, 395 (6th Cir. 2015)). The court pointed out that an expert forensic toxicologist testified that

Smallwood would not have died had she not consumed oxycodone that night, meeting the government's burden of proof. *Id.* at 74. Because there was no basis for counsel to object to the correctly stated burden of proof, reasonable jurists would not debate the district court's rejection of this ineffective-assistance-of-counsel claim.

Smith's argument that the district court abused its discretion by denying his § 2255 motion to vacate without holding an evidentiary hearing does not deserve encouragement to proceed further. A petitioner bears the burden of "show[ing] his right to a hearing." *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007). Ordinarily, a district court must hold a hearing when a factual dispute underlies a petitioner's claim for relief. *Clark v. Warden*, 934 F.3d 483, 494 (6th Cir. 2019) (citing *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)). "[W]hen presented with factual allegations [that are adequate to sustain a § 2255 claim], 'a district court may only [forgo] a hearing where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017)). Here, Smith's claims were either based on challenges to factual findings that this court had already decided or were unsubstantiated and conclusory.

Based on the above, Smith's motion for a COA is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk