UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>TERRY R. SMITH,<br>    Defendant. | CRIMINAL ACTION 6:13-34-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

Defendant Terry R. Smith has filed a motion for compassionate release (DE 432) pursuant to 18 U.S.C. § 3582(c)(1)(A). As part of this motion, Smith also requests a hearing and the appointment of counsel. (DE 432 at 3.) For the following reasons, the Court must deny the motion.

In 2015, Smith was convicted of conspiring to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, distributing oxycodone resulting in death in violation of § 841(a)(1), and possessing firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (DE 208.)

By judgment dated July 24, 2015, this Court sentenced Smith to concurrent sentences of 360 months imprisonment for conspiracy to distribute oxycodone, life imprisonment for distribution of oxycodone resulting in death, and 120 months for possession of firearms by a convicted felon. (DE 258.) He is currently 61 years old and incarcerated at USP Hazelton. Smith moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." (DE 432.) Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to

file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The government does not dispute that one of these conditions is met here. Accordingly, the Court has jurisdiction over this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his motion, Smith presents medical records showing that he suffers from obesity, pulmonary embolism, hypertension, and lung problems including some associated with

2

chronic obstructive pulmonary disease. The CDC has identified these ailments as conditions that put individuals at a higher risk for severe illness from COVID-19.

The government, however, presents evidence that Smith has received both doses of the COVID-19 vaccination. (DE 434 at 7.) This will decrease Smith's chances of contracting COVID-19 to a degree significant enough that the Court is unable to find that his health conditions present "extraordinary and compelling" reasons warranting a sentence reduction.

Even if sufficient extraordinary and compelling circumstances existed to warrant a sentence reduction, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1106. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Smith's sentencing hearing. (DE 281, Sentencing Tr.) The Court has reconsidered them for this motion. While Smith attempts to

3

re-litigate his case in his Reply Brief (DE 437), a jury convicted him of three extremely serious offenses for which he was sentenced to terms of imprisonment of thirty years, life imprisonment, and ten years, to run concurrently. At this time, Smith has served fewer than seven years. While the Court acknowledges Smith's considerable success in completing various educational programs at USP Hazelton, the Court must consider all of the § 3553(a) factors in making its determination. Considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Smith's sentencing, it is not appropriate to order his release at this time.

Smith also requests a hearing and that the Court appoint counsel to represent him on this motion. The Court is not required to hold a hearing for a motion filed pursuant to 18 U.S.C. § 3582(c). *United States v. Howard*, 644 F.3d 455, 458–59 (6th Cir. 2011). Additionally, no constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582(c). *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (collecting cases)). The decision to appoint counsel in these circumstances is within the Court's discretion, and counsel may be denied if the issues are straightforward and resolvable upon review of the record. *Id.* The Court was able to resolve this motion on the record before it, and, thus, appointment of counsel is not appropriate.

For all these reasons, the Court HEREBY ORDERS that Defendant Terry R. Smith's motion for compassionate release (DE 432) is DENIED.

Dated September 20, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY