UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> PLAINTIFF-RESPONDENT, <br> V. <br> TERRY R. SMITH, <br> DEFENDANT-PETITIONER. | CRIMINAL ACTION 6:13-CR-34-KKC <br> RENEWAL MOTION FOR COMPASSIONATE RELEASE <br> PURSUANT TO 18 U.S.C. 3582(c)(1)(A)(i) |

MEMORANDUM OF LAW IN SUPPORT OF RENEWAL/RECONSIDERATION MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(1)(A)(i)

Eastern District of Kentucky
**FILED**
FEB 21 2023
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

TERRY R. SMITH (PRO-SE) 16714-032
UNITED STATES PENITENTIARY
HAZELTON, P.O. BOX 2000
BRUCETON MILLS, WV 26525

DATE: Feb 16, 2023

# TABLE OF CONTENTS

|  | PAGES |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 3 |
| (i) SECTION 3582(c)(1)(A) PRELIMINARY THRESHOLD | 3 |
| (ii) EXTRAORDINARY AND COMPELLING REASON JUSTIFY RELEASE | 4 |
| (iii) FUTURE DANGEROUSNESS AND 18 U.S.C. 3553(a) FACTORS | 6 |
| | 11 |
| CONCLUSION | |
| CERTIFICATE OF SERVICE | 12 |

# TABLE OF AUTHORITIES

CASES:                                                                                       PAGES

Brown v. United States,
2020 U.S. Dist. LEXIS 238008 (D. Md. Dec. 17, 2020) . . . . . . . . 6

Pepper v. United States,
562 U.S. 476 (2011) . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Barnes,
2020 U.S. Dist. LEXIS 118828 (E.D. Tenn. July 7, 2020) . . . . . 4

United States v. Brooker,
976 F.3d 228 (2nd Cir. 2020) . . . . . . . . . . . . . . . . . 3

United States v. Davidson,
2020 U.S. Dist. LEXIS 150887 (W.D. Pa. Aug. 29, 2020) . . . . . 9

United States v. Evans,
504 F. Supp. 3d 519, 527 (E.D. Va. Dec. 2, 2020) . . . . . . . 2

United States v. Fisher,
493 F. Supp. 3d 231, 2020 U.S. Dist. LEXIS 188065 (S.D.N.Y. Oct. 9, 2020) . 7

United States v. Hood,
2020 U.S. Dist. LEXIS 197504 (C.D. Ill. Oct. 23, 2020) . . . . . 8

United States v. Hunter,
2020 U.S. Dist. LEXIS 176150 (D.D.C. Sept. 25, 2020) . . . . . 7

United States v. Johnson
464 F. Supp. 3d 22, 30 (D.D.C. 2020) . . . . . . . . . . . . . 8

United States v. Maumau
993 F.3d 821 (10th Cir. 2021) . . . . . . . . . . . . . . . . 3

United States v. McCoy
981 F.3d 271 (4th Cir. 2020) . . . . . . . . . . . . . . . . . 3

CASES: | PAGES:

United States v. McGee,
   992 F.3d 1035 (10th Cir. 2021) . . . . . . . . . . . . . 3

United States v. Owens,
   996 F.3d 755 (6th Cir. 2021) . . . . . . . . . . . . . . 3

United States v. Tidwell,
   476 F. Supp. 3d 66, 2020 U.S. Dist. LEXIS 139434 (E.D. Pa. Aug. 5, 2020) . . . 7

United States v. Tomes,
   990 F.3d 500 (6th Cir. 2021) . . . . . . . . . . . . . . 3

United States v. Torres,
   464 F. Supp. 3d 651, 659 (S.D.N.Y. 2020) . . . . . . . . 7

United States v. Seshan,
   2021 WL 5861228 (S.D.N.Y. Dec. 10, 2021) . . . . . . . . 8

STATUTES:

18 U.S.C. 3553(a) . . . . . . . . . . . . . . . . . . . Passim

18 U.S.C. 3582(c)(1)(A)(i) . . . . . . . . . . . . . . . Passim

GUIDELINES:

U.S.S.G. 1B1.13 . . . . . . . . . . . . . . . . . . . . Passim

OTHER AUTHORITIES

World Health Organization (WHO) . . . . . . . . . . . . 9

UNITED STATES OF AMERICA,
Plaintiff,
v.
TERRY R. SMITH,
Defendant.

CRIMINAL ACTION NO: 6:13-CR-34-KKC
RENEWAL MOTION FOR COMPASSIONATE RELEASE

COMES NOW, Terry R. Smith, Petitioner, Pro se moves this Honorable Court for a Renewal Motion For Compassionate release seeking a reconsideration of Court Order Number DE 432 entered on September 20, 2021 denying his Compassionate release pursuant to 18 U.S.C. 3582 (c)(1)(A)(i).

Section 3582 allows for Modification of a term of imprisonment for "extraordinary or compelling reasons." 18 USC 3582 (c)(1)(A)(i). The Statutes requires a Court to consider whether such a reduction Comports with the 18 U.S.C. 3553(a) factors and applicable statements issued by the Sentencing Commission. The U.S. Sentencing Guidelines Statute 1B1.13 is now inapplicable, an inapplicable mauiry in Cases where a prisoner files a motion for Compassionate release.

In this instant Motion (Renewal Motion For Compassionate Release, 3582 "requires only that a defendant give BoP a Chance to first evaluate a Compassionate Release request" and holding

①

that a defendant need not apply to the BOP twice before filing a renewal motion for compassionate release). See. United States v. Evans, 504 F. Supp. 3d 519, 527 (E.D. Va. Dec. 2, 2020).

Petitioner's initial motion for compassionate release was denied because the government while it agreed that petitioner does have a number of underlying health problems. It does not believe that these conditions amounted to extraordinary and compelling reasons warranting relief. It further states "None of these diagonis are life-threatening or terminal in manner contemplated by the Guidelines. See U.S.S.G. 1B1.13 Cmt.n.1. (See pg 3. Govt. Response). Also that petitioner is fully vaccinated against COVID-19 per government exhibit reflecting the completion of Pfizer-BioNTech on March 31, 2021. Furthermore, that regardless of petitioner's underlying health condition, the ultimate disposition of petitioner's motion hinges on the application of the 18 U.S.C. 3553(a) Factors.

On September 20, 2021, Court Order denying the motion for compassionate release, the Court found that petitioner had indeed satisfied the exhaustion requirements. Proceeding to the merits, however, the Court denied the request for compassionate release. It did so because it sided with the government in ruling that petitioner had not shown "extraordinary and compelling reasons" 2). That the 18 U.S.C. 3553(a) factors weigh against his release at this time. 3) that government evidence that his both dose of the

Covid-19 vaccination decreased his chances of contracting Covid-19 to a degree significant enough that the Court is unable to find that his health condition presents "extraordinary and compelling" circumstances warranting a sentence reduction.

## ARGUMENTS

### I. SECTION 3582(C)(1)(A) PRELIMINARY THRESHOLD

Petitioner is not challenging the validity of his original sentence. He is asking the Court to modify his original sentence based on extraordinary and compelling reasons. The First Step Acts changes to 18 U.S.C. 3582(c) allow the Court to do just that. See U.S. v. Tomes, 990 F.3d 500 (6th Cir. 2021) clarifying that Tomes stands for proposition that a defendant should be denied compassionate release where is "only" argument is the First Steps Acts changes. See also U.S. v. Owens, 996 F.3d 755 (6th Cir. 2021). The Sixth Circuit, citing U.S. v. McGee, 992 F.3d 1035 (10th Cir. 2021) and U.S. v. Maumau, 993 F.3d 821 (10th Cir. 2021) noted that a defendant who offers other factors in addition to the First Step Acts changes may warrant Compassionate Release. See also U.S. v. McCoy, 981 F.3d 271 (4th Cir. 2020) district Court may consider "any extraordinary and compelling reason for release that a defendant might raise." (Quoting U.S. v. Brooker, 976 F.3d 228) (2nd Cir. 2020). Petitioners requests falls within the

(3)

scope of 18 U.S.C. 3582(c)(1)(A)(i). Because defendant presented extraordinary and compelling reasons for release and because he otherwise qualifies for a sentence reduction under 3582(c)(1)(A)(i) See U.S. v. Barnes, 2020 U.S. District LEXIS 118828 (E.D. Tennessee July 7, 2020)("The policy statements of 1.B1.13 directs courts to consider individual reasons for Compassionate Release, not general threats to incarcerated persons much less a disease that threatens "every person Worldwide.").

## II  EXTRAORDINARY AND COMPELLING REASON JUSTIFY RELEASE

The Sentencing Commission has a binding policy statement regarding reduction of a term of imprisonment under Section 3582(c)(1)(A). See U.S.S.G. 1B1.13. Application Note 1 to U.S.S.G. 1B1.13 speaks to what constitutes "extraordinary and compelling reasons," identifying five categories of situations where such reasons may be found to exist. Two of the five involved the defendants medical condition, i.e.; (i) the defendant is suffering from a terminal illness, see U.S.S.G. 1B1.13 cmt. n. 1(A)(i); or (ii) the defendant is suffering from a serious physical or medical condition, See. U.S.S.G. 1B1.13 cmt. n. 1(A)(ii)(I), or serious functional or cognitive impairment, See. U.S.S.G. 1B1.13 cmt. n. 1(A)(ii)(II), or deteriorating physical or mental health due to the aging process, U.S.S.G. 1B1.13 cmt. n. 1(A)(ii)(III) that substantially diminishes the defendant's ability to provide self-care within the environment of a Correctional Facility and from which he is not

(4)

expected to recover.

    Petitioner contends that his medical conditions as stated in his initial motion are "extraordinary and compelling reasons," that justify relief. Moreover, since petitioner's initial filings, his health conditions has worsened, he suffered cardiac arrest that required a CPR for 2 minutes, received AED shock after which he received ROSC. Upon EMS arrival, EKG showed ST ELEVATION in the anterior leads. Repeated EKG confirmed anterior wall STEMI. He was rushed to the Cath Lab for an Emergency Coronary Angiography. Medical Record showed his heart is functioning at 35-40%. He had Emergent PCI to his Mid Lad with a DESx1. See Exhibit-A (Recent Medical Record) More Surgery is scheduled and petitioner hopes to forward those results as they become available.

    Secondly, petitioner is unable to sufficiently care for himself in prison. He is currently forced to use C-pap Machine to breath while he sleeps, confined to a wheelchair ninety percent (90%) of time, shortness of breath, beholding to another inmate to push him around on the wheelchair to the Dining Hall, Education Dept, health services, Commissary. Moreover, his Multiple Chronic Medical Conditions whose danger to his health, in combination of his Covid-19 has "substantially diminished his ability to provide health-care for himself within the environment of a correctional facility."

See. 1B1.13 n.1(A) indicates his trajectory is materially worsening. Suffers from obesity as a result of multiple medications.

He suffers from heart palpitations, exhaustion from walking short distances, prolonged standing, squatting, climbing stairs and because of the difficulty in standing for a prolonged period, he uses his wheelchair in the shower.

## III. FUTURE DANGEROUSNESS AND 18 U.S.C. 3553(a) FACTORS

Without doubt, the death of Patty Smallwood was a terrible tragedy. Patty was a life long family friend, a confidant, her death was a tragedy to me personally, my family, her family and our community. Petitioner feels very remorseful. And understands that the nature of that offense poses a significant obstacle to his compassionate release even now.

Petitioner cannot undo the past and is instead asking this Honorable Court to look beyond his underlying offense to his conduct while incarcerated. See. Pepper v. US, 562 U.S. 476 (2011)(Under 18 USC 3553 (a), "post sentencing conduct sheds light on the likelihood that a defendant will engage in a criminal conduct."); See. also Brown v. US, 2020 U.S. District LEXIS 238008 (D. MD. Dec. 17, 2020)(Defendant's "behavior for the past 20 years, while in BoP custody, is an important indicator of whether he remains a danger to community.

(6)

Importantly, petitioner moves this Court to look at other cases where defendants who provided compelling evidence of their rehabilitation have been granted compassionate release notwithstanding gruesome offenses committed decades past. See U.S. v. Hunter, 2020 U.S. District LEXIS 176150 (D.D.C. Sept. 25, 2020)(granting compassionate release and citing defendants "Correctional treatment, and Community engagement" notwithstanding his "Serious and disturbing" prior criminal history including second-degree murder, armed robbery, setting fire to his then-girlfriends home with her and a minor child inside, and a prison record "including violent altercations with other prisoners"); U.S. v. Fisher, 493 F. Supp. 3d 231, 2020 U.S. District LEXIS 188065 (S.D.N.Y. Oct. 9, 2020)(releasing defendant sentenced to life without parole for large conspiracy including at least four murders defendant was alleged – albeit not specifically proven to have committed himself after he had served thirty-eight years because his "considerable and sustained efforts to rehabilitate himself bespeak a changed man" who no longer poses a danger); U.S. v. Torres, 464 F. Supp. 3d 651, 659 (S.D.N.Y. 2020)(reducing two defendants life without parole sentences for serving as kingpins in a large-scale heroine conspiracy to term served citing their remarkable presentencing rehabilitation"); U.S. v. Tidwell, 476 F. Supp. 3d 66, 2020 U.S. Dist. LEXIS 139434 (E.D. Pa. Aug. 5, 2020)(reduced life without parole for heinous and repeated criminal conduct, including multiple killings, where extraordinary

(7)

and compelling circumstances have been found to justify release.

Petitioner understands that the Court analysis of the 18 U.S.C. 3553(a) factors must support his release. 3582(c)(1)(A)(i) (Instructing the Court to consider the relevant 3553(a) factors "to the extent they are applicable"). To decide whether it is "necessary to maintain the prior term of imprisonment despite the extraordinary and compelling reasons [for granting release] in order to achieve the purposes of punishment that compelled the Court to impose the original term of imprisonment. See U.S. v. Johnson, 464 F.Supp.3d. 22, 30 (D.D.C. 2020).

But the only specific argument the government puts forward as to why these factors necessitate petitioner's continued incarceration boils down to its assertion backed by a string of cases, that relief should be denied to petitioner, his already been vaccinated, and the 3553 factors weigh heavily against petitioner precluding release as a matter of law (See Govt. Opp. to defendants Motion pg 1). because doing so would not promote respect for the law.

Petitioner contends that a fully vaccinated inmate could show extraordinary and compelling reasons based on underlying medical issues. See. U.S. v. Seshan, 2021 WL 5861228 (S.D.N.Y. Dec.10, 2021)(fully vaccinated inmate could show extraordinary and compelling reasons based on underlying medical issues and the extreme risk created by the Delta variant. Rejecting governments argument and low risk of infection at FMC Devens). See also, U.S. v. Hood, 2020 U.S.Dist. LEXIS 197504

(8)

(C.D. Ill. Oct. 23, 2020); U.S. v. Davidson, 2020 U.S. Dist. LEXIS 150887 (W.D. Pa Aug. 20, 2020)("the Court does not find that Davidson's "extraordinary and compelling situation is diminished by the fact that he has already contract and tested positive for the Covid-19 virus while in custody. As an initial matter, there is no medical consensus as to whether someone who has tested positive for Covid-19 virus will be protected from reinjection.")

Lastly, On April 24, 2020, the World Health Organization (WHO) issued a scientific brief saying that the public belief that One-time infection leads to immunity remains unproven and is unreliable as a basis for response to the pandemic. Specifically, the WHO says that "there is currently no evidence that people who have recovered from COVID-19 and have antibodies are protected from a second infection." Also it is widely understood at present that a person who recovers from COVID-19 could have sustained long-term health damaged and could become infected a second-time.

Importantly, petitioner contends that the 18 U.S.C. 3553(6) factors justify reducing his sentence to time served or releasing him to serve the remainder of his sentence on home confinement. He argues that his criminal history was Category-1 at the time of his sentence, that he would likely have received a lower sentence had he pled guilty. Had he taken the 15 years plea offer instead of opting for trial, that he would have served the majority of his sentence.

Moreover, petitioner believes the sharp decline in his health over the past 6 years in prison, he is "Unable to sufficiently care for himself in prison," forced to use a C-Pap machine to breath while he sleeps,

(9)

confined to a Wheelchair Ninety Percent (90%) of the time; Shortness of breath, exhaustion from walking short distances, restrictions from climbing stairs, squatting and prolonged standings. See Exhibit-B (Medical Duty Status); heart palpitations; beholding to another inmate to push him around on Wheelchair to the Dining Hall; Health Services; Educational Dept.; Commissary; uses his wheelchair in the shower; suffers from Obesity as a result of the Multiple Medications he is required to take; has a Body Mass Index (BMI) of 42. All these has "substantially diminished his ability to provide health-care for himself within the enviroment of a correctional facility." See. 1B1.13 n.1(A) indicates his trajectory has worsened.

Section 3553(a) requires a Sentence to "reflect the Seriousness of the offenses, and promote respect for the law and provide just punishment, to afford adequate deterrence to criminal conduct and to protect the community from further crimes of the defendant. In that regard, petitioner's actions since his incarceration to fulfil this policy has been exemplary. Petitioner has an unblemished record of no disciplinary infraction while incarcerated. See. Exhibit-C (Inmate Custody classification Record). Thus, the 3553(a) factors justify reducing his sentence to time served or

(10)

releasing him to serve the remainder of his sentence at Home Confinement. In Sum, his severe physical limitations considerably has reduced his risk to the public.

Petitioner's release plan entails residing with his Wife of 45yrs, Gerry Smith, their two daughters Angela Graf and Lora Bush in Manchester, Kentucky. He is now 62 years Old with severe medical challenges, does not pose a danger to anybody or the Community at large. He recognizes that his actions Nine-years ago (9yrs) were errors in judgment. He Stands to reintegrate back into Society with Support from his family upon release. See Exhibit-D (Reference letters from family). He plans to do clerical duties at her daughters Recycling Business.

## CONCLUSION

Considering all the above and in light of the purposes set forth in 18 U.S.C. 3553(a) and the power vested to this Court by the First Step Act of December, 21 2018. Petitioner ask this Honorable Court that his Motion for Renewal (Reconsideration) of Order Denying his Compassionate Release be Granted.

(11)

## CERTIFICATE OF SERVICE

I, Terry R. Smith, affirm under the penalty pursuant to 28 U.S.C. 1746, that I have this day delivered my Motion to Reduce Sentence (Renewal Motion for Reconsideration) pursuant to 18 U.S.C. 3582(c)(1)(A)(i), and a Memorandum of Law in Support of my Pro Se Motion within the Institutional Legal Mail Pouch, fully addressed, with postage/certified thereto to the following addresses:

(1) Clerk's Office
United States District Court for the Eastern District
of Kentucky
310 S. Main Street
London, Kentucky 40741-1907

(2) The United States Attorney
601 Meyers Baker Road
Suite 200
London, Kentucky 40741

Dated and Signed this 16th day of February, 2023

/s/ Terry R. Smith
Terry R. Smith, #16714-032
United States Penitentiary, Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

(12)