UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>TERRY R. SMITH,<br>    Defendant. | CRIMINAL NO. 6:13-CR-34-KKC<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Terry R. Smith's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DEs 441, 449.) For the following reasons, the Court will deny the motions.

On July 28, 2021, Smith filed a motion for compassionate release (DE 432) that the Court subsequently denied. (DE 438.) Almost one-and-a-half years later, Smith filed a renewed motion for compassionate release. (DE 441.) Then, more than a year later, Smith filed another motion for compassionate release seeking to add amendments and make corrections to his previous motion. (DE 449.) The Government argues that both of these motions fail due to Smith's failure to exhaust his administrative rights and remedies before moving the Court for compassionate release.

An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory and the Court is bound to enforce it when it is properly invoked by the government. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). !It is the

defendant's burden to show that he has exhausted his administrative remedies. *United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020).

Smith submits to the Court an email that he allegedly sent to the warden of USP Hazelton (the "Warden") as support of his exhaustion of administrative remedies. (DE 453-1.) The email states: "This is a request to the warden of USP hazelton to [grant] me compassionate release due to my failing health conditions. Thank you." (*Id.*) This Court has previously indicated that an informal email does not satisfy the requirement when the Warden never received the inmate's request for compassionate release. *United States v. Moberly*, No. 5:19-136-DCR, 2022 WL 2232140, at *2 (E.D. Ky. June 21, 2022). Another district court in the Sixth Circuit, however, has indicated that a defendant does not satisfy this requirement when: (1) they do not provide any evidence that the Warden received their request; and (2) the request does not comply with the requirements for submitting a request for compassionate release under 28 C.F.R. § 571.61 by not including proposed release plans. *United States v. Silcox*, No. 3:17-CR-134-TAV, 2020 WL 4341758, at *1 (E.D. Tenn. July 28, 2020).

Here, Smith has not provided any evidence that the Warden received his request for compassionate release. Further, his request is only one sentence long and does not include any proposed release plans. The Court finds that this email alone does not meet the defendant's burden in showing that he exhausted all of his administrative remedies before moving the Court for compassionate release. Yet even if the Court were to find that Smith satisfied these exhaustion requirements, most of his arguments still fail on the merits.

The Court utilizes a three-step framework when evaluating motions for compassionate release. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (cleaned up). First, the Court must find that "extraordinary and compelling reasons warrant a sentence reduction." *Id.* Second, the Court must determine that a sentence reduction is "consistent with applicable

policy statements issued by the Sentencing Commission." *Id.* And finally, the Court must "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* The Court has discretion to reduce the term of imprisonment if these three requirements are met, but is not required to do so. *Id.*

Smith invokes several grounds for compassionate release, including: (1) the disparity between his sentence and the sentences of other codefendants; (2) the existence of forensic evidence that he argues should have been presented at trial; and (3) his declining health issues. (DE 449 at 4, 12; DE 441 at 9.) Yet these grounds are not extraordinary and compelling reasons to justify granting his request for compassionate release.

**First**, the Sixth Circuit has clearly indicated that disparity between sentences is often not suitable grounds for granting compassionate release. *United States v. Hunter*, 12 F.4th 555, 571-72 (6th Cir. 2021) ("[S]ubsequent leniency in another defendant's case says nothing about how [a defendant's] personal circumstances have changed since [they were] sentenced."); *United States v. Conatser*, 514 F.3d 508, 522 (6th Cir. 2008) ("Disparities between the sentences of coconspirators can exist for valid reasons, such as differences in criminal histories, the offenses of conviction, or one coconspirator's decision to plead guilty and cooperate with the government."). Accordingly, the Court finds that there is nothing extraordinary or compelling about the sentence disparities in this matter.

**Second**, Smith spends much of his motions arguing that he would not have been convicted if his cited "updated forensic evidence" had been presented during trial. This argument, among other arguments regarding issues with expert testimony, are not suitable for a motion for compassionate release. These arguments attack his federal conviction and sentence and are best suited for a motion pursuant to 28 U.S.C. § 2255. Smith has already sought and litigated his claims for § 2255 relief. (DE 343.) Such relief was denied. (DE 425.)

3

Accordingly, these arguments do not constitute extraordinary or compelling reasons for compassionate release.

**Third**, Smith argues that his declining health issues constitute extraordinary or compelling reasons that justify compassionate release. Among other things, Smith points to his worsening heart issues, lack of sufficient medical care, and wheelchair use. (DE 441 at 9-10.) In response to this argument, the Government reaffirms that he "has not submitted a subsequent request based on the newly-raised medical issues" and that the Court should "deny the motion without prejudice, until the Defendant first seeks administrative relief as required by law." (DE 443 at 2.) The Court finds that denial without prejudice is appropriate in this matter as it would give Smith the opportunity to seek compassionate release on the grounds of his medical issues. Therefore, the Court declines to address the merits of this argument until Smith first seeks administrative relief.

For the aforementioned reasons, the Court hereby ORDERS that Smith's motions for compassionate release (DEs 441, 449) are DENIED WITHOUT PREJUDICE.

This 29th day of July, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY